**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ARTAVIOUS BERNARD MALONE,

Plaintiff,

v.

Case No. 3:26-cv-2366-WWB-LLL

R. RUEGGER,

Defendant.

---

# ORDER

Plaintiff Artavious Bernard Malone, a Florida state prisoner, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1). Generally, Malone alleges that his Eighth Amendment rights were violated when he was denied dental care while incarcerated at Florida State Prison.

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted a true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complain must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery

under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id.*

## I. COMPLAINT

Malone alleges that on June 22, 2026, he submitted a sick call request to the dental department because his dental filling had fallen out and he was experiencing dental pain. (Doc. 1 at 5). On July 6, 2026, Defendant R. Ruegger, whose position at Florida State Prison is described as "CRDH," or certified registered dental hygienist, denied Malone's request for dental care, which left Malone in a constant severe throbbing pain. (*Id.*).

On July 7, 2026, Malone submitted a second sick call request and complained of severe dental pain. (*Id.*). Defendant Ruegger again denied his request and explained "you have no urgent needs and are on the wait list." (*Id.* at 6).

On July 16, 2026, Malone submitted two separate grievances in which he complained that he was being denied dental care. (*Id.*). On that same date, Malone was taken to a "dental call-out" appointment. (*Id.*). Although he was told that his pain was not caused by his dental filling, he was advised that both his tooth and his filling needed to be extracted. (*Id.*). Malone consented to the extraction. (*Id.*).

Malone sues Defendant Ruegger in his individual capacity. (*Id.* at 2). Malone alleges that Ruegger was deliberately indifferent to his serious medical needs in violation

of his Eighth Amendment rights when he denied and delayed Malone access to adequate dental care. (*Id.*). Malone seeks to recover punitive damages in the amount of $10,000.00. (*Id.* at 7).

## II. DISCUSSION

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege facts showing "(1) that he had an objectively serious medical need, (2) that [the defendant] acted with subjective deliberate indifference to [that] serious medical need, and (3) that he suffered an injury . . . caused by [the defendant's] wrongful conduct." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). "A serious medical need is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

### A. Inadequate Dental Care

Malone does not plead a "complete denial" of dental care. *See Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). Rather, he alleges that he submitted two sick-call requests complaining of dental pain, which were initially denied. (Doc. 1 at 5–6). Approximately twenty-four days after the first date on which he complained of dental pain, Malone submitted two grievances and was taken to a "dental call-out" appointment during which his tooth and filling were extracted. (*Id.*). Malone neglects to describe how the dental care he received was inadequate. Nor does he identify any additional treatment that he believes he should have received.

To the extent Malone alleges that the dental care he received—a dental appointment and extraction—was inadequate, such claim must be dismissed. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1272 (11th Cir. 2020). A mere difference in a medical opinion between a medical provider and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference. *Id.* at 1505. Whether medical providers should have employed "additional diagnostic techniques or forms of treatment" is a "class example of a matter for medical judgment," and therefore, is not an appropriate basis for liability under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Here, Malone fails to allege facts that show deliberate indifference to his serious medical need because he was treated at a dental appointment with an extraction of both his tooth and filling. Malone may believe that he should have received additional or different dental treatment, but his mere disagreement with the dental care he did receive does not permit the reasonable inference that his treatment amounted to deliberate indifference. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that when an inmate receives medical treatment but desires a different mode of treatment, the care provided does not amount to deliberate indifference).

**B. Delayed Dental Care**

"An official disregards a serious risk by more than mere negligence 'when he or she knows that an inmate is in serious need of medical care, but he or she fails or refuses

to obtain [or intentionally delays] medical treatment for the inmate." *Nam Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1280 (11th Cir. 2017). In other words, "even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003). A delay in medical treatment constitutes deliberate indifference "where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Taylor v. Adams*, 221 F.3d 1254, 1259–60 (11th Cir. 2000).

To the extent Malone alleges that the twenty-four-day delay between when he first complained of dental pain and when he received dental care constitutes deliberate indifference, such claim must be dismissed. "[A]n unexplained delay of [mere] hours in treating a serious injury states a prima facie case of deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1539 (11th Cir. 1990). However, here, Malone alleges that Ruegger offered an explanation for not immediately providing him dental care. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (in deciding whether delay in providing medical care amounts to deliberate indifference, "we have consistently considered . . . the reason for the delay"). Malone alleges that Ruegger initially denied his request for dental care because he believed that Malone had "no urgent needs" and instead placed Malone "on the wait list" for dental care. (Doc. 1 at 6). Ruegger's initial assessment of Malone's dental condition as non-urgent, even if mistaken, does not support an inference of deliberate indifference. *See Whitley v. Albers*, 475 U.S. 312, 319

(1986) (explaining that “inadvertence or error in good faith” do not “characterize the conduct prohibited by the [Eighth Amendment]”); *Estelle*, 429 U.S. at 106 (explaining that “negligen[ce] in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment”). Furthermore, Malone alleges no facts to show that Ruegger knew Malone was in serious need of emergent dental care but refused to provide it, or that the delay providing dental care worsened his condition.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Malone’s Complaint is **DISMISSED with prejudice** for failure to state an Eighth Amendment claim for deliberate indifference to his serious medical needs. Because amendment would be futile, the Court need not afford Malone an opportunity to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The Clerk is directed to enter a judgment of dismissal, to terminate any pending motions, and to **CLOSE** this case.

**DONE AND ORDERED** at Jacksonville, Florida, on November 4, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Artavious Bernard Malone, #W45807